UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHOD COSTON, *et al.*,

               Plaintiffs,

-against-

COMMISSIONER OF N.Y.S. D.O.C.C.S., *et al.*,

               Defendants.

20-CV-0080 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiffs, currently incarcerated at the Elmira Correctional Facility (Elmira) in Chemung County, New York, bring this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated their rights at Elmira. For the following reasons, this action is transferred to the United States District Court for the Western District of New York.

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.

*See* 28 U.S.C. § 1391(c)(1), (2).

Because Plaintiffs do not allege that any defendant resides in this district or that any of the events or omissions giving rise to their claims arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiffs' claims arose in Chemung County, which is in the Western District of New York. *See* 28 U.S.C. § 112 Accordingly, venue lies in the Western District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States

District Court for the Western District of New York, 28 U.S.C. § 1406(a).[1]

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiffs and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 17, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[1] Plaintiffs' allegation that this District is: "designated as venue insofar as the diversity of citizenship of Plaintiffs and Defendants involved in this action," confuses two statues: the general venue statute and the diversity of citizenship statute. The general venue statute, as discussed in this order, governs which district court may hear a claim based on either (1) the residency of the defendants or (2) where the events underlying the claims occurred. The diversity of citizenship statute governs whether a federal court may exercise jurisdiction over a claim based on the residency of the parties. *See* 28 U.S.C. § 1332. Here, a federal court most likely cannot exercise jurisdiction over the claims under the diversity statute because the parties do not appear to be diverse, as some or all of them reside in New York.